# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA HECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 13-2264-CM |
| | ) |
| TERRY J. SUTCLIFFE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff brings claims for breach of contract and fraud. Her claims arise from a 2012 settlement agreement that resolved a divorce action between the parties. In the settlement agreement, plaintiff agreed to dismiss the divorce action and her claim for unpaid spousal support, and defendant agreed to transfer his ¼ interest in Hawthorn Homes, LLC ("Hawthorn"). Defendant has not transferred this interest, so plaintiff brought this lawsuit and seeks $250,000.00 in damages.

This matter is before the court on defendant's motion to dismiss (Doc. 6). He argues the court lacks subject-matter jurisdiction because the parties are not diverse. He also contends the action should be dismissed because of improper venue, plaintiff's failure to join a party, and plaintiff's failure to state a claim. For the following reasons, the court rejects defendant's arguments and denies the motion.[1]

## Subject-Matter Jurisdiction

Plaintiff alleges subject-matter jurisdiction based on diversity. Diversity jurisdiction exists over actions between citizens of different states if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Defendant argues this court lacks diversity jurisdiction because "[i]t cannot be shown

---

[1] Throughout his motion, defendant repeatedly fails to discuss the applicable legal standards or cite controlling authority. The court **strongly cautions** defendant that it will not consider skeletal arguments in the future.

-1-

that the parties are now, and more importantly were, when the alleged acts occurred, citizens of different states." (Doc. 7 at 1.) The court rejects this argument for several reasons.

**First**, it is well-established law that diversity jurisdiction examines the citizenship of the parties at the time the complaint was filed. *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) ("It has long been the rule that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events.'") (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). Therefore, the citizenships of plaintiff and defendant at the time defendant filed his motion to dismiss, or the time when the alleged acts occurred, are irrelevant to the issues currently before the court.

**Second**, plaintiff affirmatively pleads that she is a citizen of Arizona and that defendant is a citizen of Kansas. (Doc. 1 at 1.) She also requests damages in the amount of $250,000.00 and alleges a factual basis for that amount. (*Id.* at 3–4, 6.) Based on these allegations, plaintiff's complaint sufficiently alleges federal diversity jurisdiction and survives a facial challenge to subject-matter jurisdiction. *See Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (explaining that a facial challenge attacks the sufficiency of the complaint and that a court, in resolving a facial attack, must accept the allegations in the complaint as true).

**Third**, plaintiff submitted evidence establishing that defendant was a Kansas citizen at the time the complaint was filed and defendant has not provided contradictory evidence. Plaintiff submitted the annual reports filed by Hawthorn for the last five years. (Doc. 10-3.) All of the reports indicate that defendant is a resident of Lawrence, Kansas. The most recent report was filed just a few months before this lawsuit. This evidence is consistent with defendant's admission that he "continue[s] to live in the Kansas home," which is located in Lawrence. (Doc. 7 at 3.)

Residence in a state is not by itself sufficient to establish citizenship. *Bair v. Peck*, 738 F. Supp. 1354, 1355 (D. Kan. 1990). But residence creates a presumption of domicile and—for purposes of diversity jurisdiction—domicile is synonymous with citizenship. *Id.* at 1355–56. Because plaintiff submitted evidence establishing that defendant is a resident of Kansas, defendant is presumed to be domiciled in Kansas and, therefore, a Kansas citizen. This presumption shifts the burden of production to defendant to establish that Kansas is not his domicile. *See id.* (explaining that this presumption "only shifts the burden of going forward with the evidence as the ultimate burden of proof always remains with the party asserting diversity jurisdiction").

Defendant does not carry this burden. He fails to provide the court with any evidence that indicates his domicile is not Kansas. Instead, defendant offers a rambling statement regarding the living arrangements of the parties during their marriage. And he concludes with an unsupported argument about his intent to leave Kansas.[2] Because defendant fails to produce any evidence rebutting the presumption that he is domiciled in Kansas, plaintiff sustains her burden of proof and survives a factual challenge to subject-matter jurisdiction. *See Holt*, 46 F.3d at 1003 (explaining that a factual challenge attacks the facts upon which subject-matter jurisdiction is based and that a court may consider evidence to resolve disputed jurisdictional facts).[3] The court denies his motion on this issue.

---

[2] Defendant points to the exhibit attached to the complaint as evidence of his intent to leave Kansas. (Doc. 1-1.) The court reviewed the exhibit and it only suggests that defendant would be selling the Lawrence home, not that he intends to leave Kansas.

[3] Defendant's final argument about the domestic relations exception is raised for the first time in his reply brief. Generally, the court would not address this untimely argument. *See Lynch v. Barrett*, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013) ("[W]e do not consider arguments raised for the first time in a reply brief."). But, because this argument potentially impacts subject-matter jurisdiction, the court considers it.

Defendant contends the domestic relations exception strips this court of subject-matter jurisdiction and relies on *Vaughan v. Smithson*, 883 F.2d 63 (10th Cir. 1989), for support. The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Plaintiff's complaint does not seek such relief. And *Vaughan* does not suggest otherwise. In *Vaughan*, the breach of contract claim required the district court to "consider evidence of the personal needs and finances of a child and make a subjective and equitable decision on the level of support a father was required to furnish his child." 883 F.2d at 65. Conversely, plaintiff's claims do not currently suggest that this court will be required to make any

**Venue**

Plaintiff alleges venue is proper because defendant is a resident of this district and because a substantial part of the events or omissions giving rise to her claims occurred in this district. (Doc. 1 at 2.) The federal statute recognizes both of these bases as independently supporting venue. *See* 28 U.S.C. § 1391 (stating in relevant part that a civil action may be brought in "a judicial district in which any defendant resides" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Defendant's sole challenge to venue is that he "did not reside in Kansas for venue purposes at the time(s) of the event and allegations giving rise to this action." (Doc. 7 at 2.) This argument fails for substantially the same reasons discussed above. Specifically, the only evidence before the court indicates that defendant was a Kansas resident at the time the complaint was filed. *See* 28 U.S.C. § 1391(c) (explaining that a natural person "shall be deemed to reside in the judicial district in which that person is domiciled").

Alternatively, defendant's argument fails because it leaves unchallenged plaintiff's other basis for venue—namely, that a substantial part of the events or omissions giving rise to her claims occurred in this district. (Doc. 1 at 2; *see also id.* (alleging plaintiff filed her petition for divorce in the District Court of Douglas County, Kansas).) Because plaintiff carries her burden of establishing that venue is proper in this jurisdiction under 28 U.S.C. § 1391(a) and (b), the court denies defendant's motion to dismiss on this issue. *See Thompson v. Titus Transp., LP*, No. 11-CV-1338-EFM, 2012 WL 5933075, at *3 (D. Kan. Nov. 27, 2012) (recognizing that the plaintiff bears the burden of proving that venue is proper and that the court may consider evidence outside of the pleadings in resolving a venue challenge).

---

determinations that are typically reserved for state-court-domestic-relation actions. If the court is required to make such determinations as the case develops, it will revisit this issue. Defendant's argument, however, currently fails.

**Failure To Join A Party**

Defendant next argues the court should dismiss this case because plaintiff failed to join a party (i.e., Hawthorn) under Federal Rule of Civil Procedure 19. The court disagrees. Defendant fails to demonstrate that Hawthorn is a "required" party under either category of Rule 19(a)(1). *See Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (stating that the proponent of a motion to dismiss for failure to join a party "has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence").

**First**, a person is required under Rule 19(a)(1)(A) if "in that person's absence, the court cannot accord complete relief among existing parties." Plaintiff's complaint alleges defendant breached the settlement agreement by not transferring his ¼ interest in Hawthorn. She seeks $250,000.00 in damages from defendant. Importantly, she does not request specific performance of the settlement agreement or seek damages from Hawthorn. Because she only requests monetary damages from defendant, the court can accord complete relief among the existing parties.

**Second**, a person is required under Rule 19(a)(1)(B) if "that person claims an interest relating to the subject of the action" and is situated such that resolving the action in the person's absence may "(i) as a practical matter impair or impede the person's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations because of the interest." Defendant completely fails to make this showing. He provides no evidence demonstrating what legally protected interest Hawthorn has (or claims) in the action or how Hawthorn's absence would impair that interest. Similarly, defendant fails to show even the potential for inconsistent obligations, let alone a "substantial risk" of such an outcome. The court denies defendant's motion on this issue. *See, e.g.*, *Entek GRB, LLC v. Stull Ranches, LLC*, No. 11-CV-1557, 2013 WL 1283811, at

*1–3 (D. Colo. Mar. 27, 2013) (discussing framework for Rule 19 and denying motion to dismiss for failure to join a party).

**Failure To State A Claim**

Plaintiff alleges claims for breach of contract and fraud. Defendant argues plaintiff has not stated a claim because the settlement agreement resolved a divorce action. Specifically, he argues:

> [N]o decree of divorce was granted in the Douglas County Case. No terms of the [settlement agreement] were ever approved by any order or journal entry of the district court as being just, fair, and equitable, in the Douglas County Action. Because the Douglas County Action was a petition for a decree of divorce, or in the alternative for an equitable property settlement, no enforcement of the terms of the purported property settlement is now enforceable under Kansas Law. Likewise, no allegation of any bad faith or breach of the purported agreed property settlement agreement is now subject to subsequent litigation under Kansas Law. Therefore, Plaintiff has failed to present a claim for which relief may be granted.

(Doc. 7 at 5.) Defendant does not provide any legal support for his position. And it appears that defendant's argument is based on a misunderstanding of the law.

Plaintiff and defendant entered a settlement agreement that resolved the divorce action. Plaintiff alleges defendant breached the agreement. She also alleges defendant fraudulently stated that he would transfer his ¼ interest in Hawthorn to her. The fact that the state court never entered a divorce decree memorializing or approving of this agreement is not relevant to the instant motion.[4] Defendant's final argument fails. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining standards for motion to dismiss).

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. 6) is denied.

Dated this 16th day of October, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

---

[4] As explained above, the court does not consider the new arguments in defendant's reply. Even if the court did, these arguments are conclusory and unpersuasive.