IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA HECK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-2264-CM/KGG |
| TERRY SUTCLIFFE, | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO JOIN
THIRD-PARTY DEFENDANT PURSUANT TO FED.R.CIV.P. 20**

Before the Court is Defendant's "Motion to Join Hawthorn Homes LLC as a Third-Party Defendant Pursuant to F.R.C.P. 20." (Doc. 24.) For the reasons set forth below, the Court **DENIES** this motion.

This case results from a settlement of a divorce action that Plaintiff filed in the District Court of Douglas County, Kansas. (*See* Doc. 1, at 2-3.) Plaintiff alleges that in the settlement agreement, Defendant agreed that she "'will receive [Defendant's] 1/4 complete interest in' the partnership known as Hawthorn Town Homes, LLC ('Hawthorn')." (*Id.*, at 3.) Plaintiff brings claims for breach of contract and for fraud based on her allegation that she subsequently learned that Defendant did not have the authority to give her his interest in Hawthorn. (*Id.*, at

4-5.)

Defendant now moves, pursuant to Fed.R.Civ.P. 20, to join Hawthorn as a third-party Defendant. Defendant contends that should Plaintiff prevail on her claims against him, Hawthorn, "jointly or in the alternative, is responsible for any damages that may be awarded to Plaintiff by a jury." (Doc. 25, at 3.) Plaintiff responds that Defendant's motion is untimely,[1] fails to comply with Fed.R.Civ.P. 11(b)(2) and D. Kan. Rule 7.6, and that the requested joinder is improper. (*See* Doc. 26.)

Plaintiff is correct that relief under Rule 20 is typically reserved for plaintiffs. (Doc. 26, at 5; *see also* **Perez v. West Plains Transport, Inc**., No. 13-1145-KHV-JPO, 2014 WL 61473 (D. Kan. Jan. 8, 2014).) As Plaintiff points out, however, an exception exists for a defendant asserting a counterclaim, as in the present case. **Nal II, Ltd. v. Tonkin**, 705 F.Supp.522, 529 (D.Kan. 1989).

Rule 20(a)(2) states that parties may be joined as defendants where both:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

---

[1] The Court is satisfied with Defendant's explanation (technical difficulties filing with the Court's electronic filing system) as to why the present motion was filed a day after the deadline contained in the Court's Scheduling Order. Further, there is no evidence that this *de minimus* delay has caused any prejudice to Plaintiff.

>           (B)     any question of law or fact common to all
>                   defendants will arise in the action.

*National Fire Ins. Co. of Hartford v. National Cable Television Coop. Inc.*, No. 10-2532-CM, 2011 WL 1430331, *2 (D. Kan. April 14, 2011) (citing Fed.R.Civ.P. 20(a)(2)).

Plaintiff initially argues that Defendant fails to assert a right to relief against Hawthorn. Although Defendant states that "interpretation of [Hawthorn's] Operating Agreement may give rise to claims the Defendant may have against Hawthorn Homes . . . ." (Doc. 25, at 4.) This is not, however, the same as actually asserting a specific right to relief against Hawthorn. **Busby v. Capital One, N.A.**, 759 F.Supp.2d 81, at 88 (D.D.C. 2011). Further, Defendant failed to include a proposed amended pleading naming Hawthorn as a party and stating Defendant's claims against Hawthorn. As such, the Court will not consider Defendant's motion to be a motion for leave to amend his counterclaim pleading. *See* D. Kan. Rule 15.1. It is not the province of the Court to read between the lines of Defendant's motion and attempt to presume what his claims against Hawthorn might be.

Additionally, because Defendant has failed to assert specific claims against Hawthorn, the Court cannot determine with certainty that any such right to relief Defendant may have against Hawthorn arises out of the same transaction, occurrence, or series of transactions or occurrences as the relief Defendant seeks

against Plaintiff. *See* Fed.R.Civ.P. 20(a)(2)(A). Considering Defendant's counterclaims against Plaintiff relate to the parties' divorce agreement – and Hawthorn was not a party to the agreement – the Court is unable to find, in the absence of adequate explanation and legal authority by Defendant, that the transaction or occurrence requirement has been met. The same is true for the requirement that a "question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2)(B).[2] Defendant's Motion to Join (Doc. 24) is, therefore, **DENIED**.

    **IT IS SO ORDERED**.

    Dated at Wichita, Kansas, on this 17th day of March, 2014.

                                  S/ KENNETH G. GALE
                                  KENNETH G. GALE
                                  United States Magistrate Judge

---

    [2] Plaintiff also argues that joinder of Hawthorn would destroy the Court's diversity jurisdiction over this matter. (Doc. 26, at 9.) Defendant is admittedly a citizen of Kansas. In the present motion, he seeks leave to bring its heretofore unspecified claims against Hawthorn, who he states is a Kansas entity, with a registered office in Lawrence, Kansas. (Doc. 25, at 1.) Defendant makes no attempt to address this issue in his reply brief. Because the Court is denying Defendant's motion on other grounds, there is no need to address that issue herein.